# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS J. SHANNON, | : | |
| Petitioner, | : | Civ. No. 18-15420 (PGS) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM AND ORDER** |
| Respondent. | : | |

Petitioner is proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This Court received petitioner's § 2255 motion in October, 2018. (*See* ECF 1). Thereafter, petitioner requested, and was granted, additional time in which to file a memorandum of law in support of his § 2255 motion. (*See* ECF 2 & 6). Petitioner subsequently filed his memorandum of law in support of his § 2255 motion in December, 2018. (*See* ECF 9). The government filed its response to the § 2255 motion in July, 2019. (*See* ECF 23 & 24).

Two months after the response was filed, petitioner filed two letters with this Court. (*See* ECF 25 & 26). Petitioner requests that he be given his "case discovery" from his trial and appellate counsel in the form of twenty-eight cds and dvds. (*See* ECF 25 at 1). Additionally, he notes that he does not have a copy of his memorandum of law in support of his § 2255 motion because it was filed by a paralegal when petitioner was housed at a different correctional facility. (*See id.* at 2). Finally, petitioner seeks the appointment of counsel. (*See* ECF 26).

This Court conducted a phone conference between the parties considering the requests made by petitioner in his letters to the Court on November 20, 2019. During that conference, this Court inquired of petitioner's need for additional materials. This inquiry was made because petitioner had already filed his § 2255 motion. While petitioner stressed his need for his "case

discovery," the only particular document referenced with any real specific particularity during the conference call was the amended search warrant.[1] However, this Court notes that the government supplied petitioner with the amended search warrant as Exhibit B to its response in opposition to petitioner's § 2255 motion. (*See* ECF 23-2). Rule 6(a) of the Rules Governing § 2255 Cases indicates that for good cause, a court may authorize a party to conduct discovery. However, petitioner has not come forward with enough good cause to warrant granting him the opportunity to conduct discovery at this time. Nevertheless, this Court will order the Clerk to serve Exhibit B of the government's response to petitioner out of the abundance of caution.

As stated above, petitioner also states that he does not have a copy of his memorandum of law filed in support of his § 2255 motion. This Court will have the Clerk send petitioner a copy of his memorandum of law in support of his § 2255 motion.

Petitioner also requests the appointment of counsel. Petitioner does not have a right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require ..." In *Reese*, the Third Circuit explained that in determining whether counsel should be appointed, a court "must first decide if petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal

---

[1] In his letter, petitioner also alludes to pictures attached to the government's brief that petitioner has never seen before. Nevertheless, petitioner did not raise these pictures as issues during the conference call. Furthermore, petitioner fails to show good cause for why these pictures would require this Court granting discovery at this point related to the claims raised given that petitioner has already filed his § 2255 motion.

2

issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64.

This Court does not find that the appointment of counsel is warranted at this time. Indeed, petitioner has already filed his § 2255 motion and the issues involved in this case do not appear overly complex. Thus, his request will be denied. The denial will be without prejudice. If this Court determines that an evidentiary hearing is warranted on any of petitioner's claims, appointment of counsel will be reviewed at that time. In light of the fact that petitioner did not possess a copy of his brief in support of his § 2255 motion, additional time in which to file a reply brief in support of his § 2255 motion is granted.

Finally, after the phone conference, petitioner filed another letter with this Court that indicates a request to add an ineffective assistance of counsel claim to this action. (*See* ECF 29). Respondent shall be given thirty days in which to file a response to petitioner's request. Thereafter, petitioner shall have thirty (30) days in which to file a reply to the government's response to his request.

Accordingly, IT IS this 5th day of December, 2019,

ORDERED that petitioner's request for discovery (ECF 25) is denied; and it is further

ORDERED that petitioner's request for the appointment of counsel (ECF 26) is denied without prejudice; and it is further

ORDERED that petitioner shall have sixty (60) days from the date of this memorandum and order in which to file his reply brief in support of his § 2255 motion, should he elect to do so; and is further

ORDERED that respondent shall file a response to petitioner's request to amend his § 2255 motion (ECF 29) within thirty (30) days of this order; petitioner may file a reply within thirty (30) days of respondent's response should he elect to do so; and it is further

ORDERED that the Clerk shall serve: (1) this memorandum and order; (2) Exhibit B to the government's response to the § 2255 motion (ECF 23-2); and petitioner's memorandum of law in support of his § 2255 motion (ECF 9) on petitioner by regular U.S. mail.

_____
PETER G. SHERIDAN
United States District Judge